IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **LARRY RASMUSSEN** and **DEBORAH SCHMIDT,** | Case No. |
| Plaintiffs, | |
| vs. | |
| **SHUBH HOTELS LINCOLN, LLC,** a/k/a **CORNHUSKER MARRIOTT HOTEL,** | **COMPLAINT AND REQUEST FOR JURY TRIAL** |
| Defendant. | |

## NATURE OF THE ACTION

This is a civil action brought pursuant to Title I of the Americans with Disabilities Act of 1990 (hereinafter 'ADA'), 42 U.S.C. § 12101, *et seq.*, as amended, and its implementing regulations, with remedies arising from all Defendant's violations under Title I of the ADA, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 e, *et seq.* and the Civil Rights Act of 1866, 42 U.S.C. § 1981 a, to correct the unlawful employment practices on the basis of disability discrimination and to make the Plaintiffs, Larry Rasmussen and Deborah Schmidt, whole, for such unlawful practices by the Shubh Hotels Lincoln, LLP, a/k/a Cornhusker Marriott Hotel (hereinafter 'Defendant'). The Plaintiffs are individuals with disabilities who were formerly employed by Cornhusker Square, LP, doing business as Cornhusker Hotel, which was purchased by Defendant. The Defendant, by and through its employees and/or agents, violated the Plaintiffs' federally protected rights under the ADA by discriminating in job application procedures, discriminating in the hiring and discriminating in other terms, conditions, and privileges of employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. This action is authorized and instituted pursuant to the ADA, 42 U.S. C. § 12117(a), which incorporates by reference, Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000 e-5 (f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 1981 a.

2. Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391. The unlawful employment practices alleged below were committed within the jurisdiction of Nebraska.

3. All conditions precedent to suit have been met. Plaintiffs filed a timely Charge of Discrimination with the Nebraska Equal Opportunity Commission (NEOC). Both Plaintiffs received their EEOC Notice of 'Right to Sue Letter' on December 7, 2006, which was dated December 4, 2006.

## PARTIES

4. At all relevant times, Plaintiff Larry Rasmussen was a resident of the State of Nebraska and a citizen of the United States.

5. At all relevant times, Plaintiff Larry Rasmussen was diagnosed with the disability of Parkinson's Disease, which substantially affected his major life activity of walking.

6. At all relevant times, Plaintiff Deborah Schmidt was a resident of the State of Nebraska and a citizen of the United States.

7. At all relevant times, Plaintiff Deborah Schmidt was diagnosed with the disability of lung cancer, which substantially affected her major life activity of breathing and activities of daily living.

8. At all relevant times, Defendant is a corporation incorporated under the laws of Florida that maintains a registered agent, C.S.C. Lawyer Incorporating Service Company, in the State of Nebraska for accepting service at 233 South 13th Street, Suite 1900, Lincoln, NE 68508.

9. On or about May 27, 2004, the Defendant Shubh Hotels Lincoln, LLC purchased the Cornhusker Hotel from Plaintiffs' ex-employer, Cornhusker Square, LP.

10. Defendant is an employer within the meaning of the ADA in that it employs more that 15 employees.

11. At all relevant times, Plaintiff Larry Rasmussen and Plaintiff Deborah Schmidt were qualified individuals with a disability within the meaning of Title I of the ADA.

## FACTUAL ALLEGATIONS

12. Plaintiffs, to avoid repetition, re-allege and incorporate by reference all allegations contained in Paragraphs 1 through 11.

13. On or about March 19, 1998, Plaintiff Larry Rasmussen was hired by the Defendant's previous owner, Cornhusker Hotel, Cornhusker Square, LP, as a Banquet and Beverage Manager and was promoted to Assistant Banquet Manager on or about January of 1999.

14. On or about November 19, 2002, Plaintiff Larry Rasmussen was diagnosed with Parkinson's Disease, which substantially limits his major life activity of walking.

15. On or about January of 2003, Plaintiff Larry Rasmussen informed his Cornhusker Square, LP supervisors, Kevin Wegner and Robb Shull, that he had a disability of Parkinson's Disease.

16.     Before May 27, 2004, on several occasions during staff meetings, the Human Resources personnel of Cornhusker Square, LP informed the Plaintiffs that they would be hired for their same positions by the Defendant, but would be placed on a probationary period.

17.     At all relevant times, Plaintiff Larry Rasmussen was satisfactorily performing all essential functions and duties of the Assistant Banquet Manager position.

18.     On or about May 27, 2004, Robb Shull, the Defendant's new General Manager, informed Plaintiff Larry Rasmussen that his position, Assistant Banquet Manager, was eliminated and that the Defendant would not be hiring him at this time, but would find the Plaintiff Larry Rasmussen a new position at the hotel.

19.     Blake Tinsley, a non-disabled individual, was hired by the Defendant instead of Plaintiff Larry Rasmussen, even though Mr. Tinsley had less seniority and experience, for one of the two remaining Assistant Banquet Manager positions.

20.     On or about June 2004, Plaintiff Larry Rasmussen left numerous voice messages for Defendant's General Manager, Robb Shull, inquiring about Shull's job promise to him.

21.     Defendant's General Manager, Robb Shull did not return Plaintiff's phone calls.

22.     After the Defendant's failure to hire Plaintiff Larry Rasmussen, the Defendant then also hired Greg Glathar, a non-disabled individual, to fill the other Assistant Banquet Manager position that was allegedly eliminated by the Defendant.

23.     On or about February 12, 2000, Plaintiff Deborah Schmidt was hired by the Cornhusker Square, LP, as a Night Auditor.

24.     On or about January, 2003, Plaintiff Deborah Schmidt was diagnosed with lung cancer and notified both supervisors, Wil Leicy and Denise Essman, of her disability.

25. At all relevant times, Plaintiff Deborah Schmidt had consistently received satisfactory employment evaluations and had been named Employee of the Month in April, 2002.

26. On or about May 27, 2004, the Defendant failed to hire Plaintiff Deborah Schmidt. At the time of the Defendant's failure to hire, Plaintiff Deborah Schmidt was employed as a Senior Night Auditor by Cornhusker Square, LP and was the most senior and experienced auditor at the time of transfer of ownership of Cornhusker Hotel.

27. At all relevant times, Plaintiff Deborah Schmidt was satisfactorily performing all essential functions and duties of the Senior Night Auditor position.

28. Prior to purchasing the Cornhusker Hotel, the Defendant requested Plaintiff Larry Rasmussen's and Deborah Schmidt's confidential employment information from Cornhusker Square, LP's Human Resources personnel and/or its other employees, which disclosed Plaintiffs' disabilities. After Defendant discovered that the Plaintiffs were individuals with disabilities, the Defendant failed to hire the Plaintiffs, even though Plaintiffs were the most qualified and had the most seniority at their respective positions.

### FIRST CAUSE OF ACTION

**The Defendant's Failure to Hire the Plaintiffs Violated Title I of the Americans with Disabilities Act, as Amended and its Implementing Regulations.**

29. Plaintiffs, to avoid repetition, re-allege and incorporate by reference all allegations contained in Paragraphs 1 through 28.

5

30. The Americans with Disabilities Act prohibits discrimination against a qualified individual because of a disability in regard to job application procedures, including hiring. 42 U.S.C. § 12112(a); 29 C.F.R. §1630.4(b).

31. Plaintiffs are individuals with disabilities as defined by the Americans with Disabilities Act as amended and its implementing regulations.

32. Plaintiff Larry Rasmussen has Parkinson's Disease which affects his major life activity of walking.

33. Plaintiff Deborah Schmidt has lung cancer which affects her major life activity of breathing and activities of daily living.

34. Plaintiff Larry Rasmussen is qualified to perform the essential functions of the Assistant Banquet Manager, and Plaintiff Deborah Schmidt is qualified to perform the essential functions of the Senior Night Auditor positions, with or without reasonable accommodations.

35. Defendant's failure to hire the Plaintiffs was based on their disabilities or perceived disabilities. The Defendant obtained the Plaintiffs' confidential employment information from Cornhusker Square, LP's Human Resource Department and/or its other employees, which identified the Plaintiffs as individuals with disabilities.

36. At all relevant times, the Defendant hired other Cornhusker Square, LP non-disabled employees with less experience and seniority than the Plaintiffs to fill the Plaintiffs' positions.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs, based on the foregoing allegations of fact and law, demand judgment against the Defendant as follows:

    A. Declaring that the acts of the Defendant hereinabove alleged, violated the provisions of the ADA and its implementing regulations;

B. Order the Defendant to hire and employ the Plaintiffs, and provide them with full back pay, front pay and all related employment benefits;

C. Awarding the Plaintiffs general damages and specific damages in an amount to be determined at the time of trial and compensatory damages in an amount to be determined at the time of trial;

D. Awarding the Plaintiffs punitive damages against the Defendant;

E. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

F. Award the Plaintiffs all their costs in this action, including but not limited to reasonable attorney's fees;

G. Such other and further relief as this Court may deem just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff requests a jury trial to be held in Lincoln, Nebraska.

**Dated this 12th day of February, 2007.**

LARRY RASMUSSEN and
DEBORAH SCHMIDT, Plaintiffs

/s/ Shirley A. Mora James
Shirley A. Mora James, #19705
Ann J. Tait, Certified Senior Law Student
Nebraska Advocacy Services, Inc.
134 South 13th Street, Suite 600
Lincoln, Nebraska 68508
Telephone: (402) 474-3183
Fax: (402) 474-3274
Email: shirley@nas-pa.org

**Attorney for the Plaintiff**